IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, )
 )
        Plaintiff, )
 )
   v. ) Case No. 13-2012-JWL
 )
JPMORGAN CHASE BANK, N.A., )
as Successor-in-Interest to )
Washington Mutual Bank, WaMu Capital )
Corp., Long Beach Securities Corp., and )
WaMu Asset Acceptance Corp.; )
WAMU CAPITAL CORP.; )
LONG BEACH SECURITIES CORP.; and )
WAMU ASSET ACCEPTANCE CORP., )
 )
        Defendants. )
 )
_____)

# MEMORANDUM AND ORDER

This matter is presently before the Court on defendants' motion to dismiss (Doc. # 19). The Court concludes that certain of plaintiff's claims are time-barred. Accordingly, the motion is **granted in part and denied in part**, as set forth more specifically herein.

### I.    Background

Plaintiff National Credit Union Administration Board brings this suit as conservator and liquidating agent of the following three credit unions: U.S. Central

Federal Credit Union ("U.S. Central"), Western Corporate Federal Credit Union ("WesCorp"), and Southwest Corporate Federal Credit Union ("Southwest"). The suit relates to 49 different residential mortgage-backed securities ("RMBS" or "certificates"), each purchased by one of the credit unions between March 2006 and June 2007. By the present suit, filed on January 14, 2013, plaintiff brings claims under the federal Securities Act of 1933 and under California, Kansas, and Texas statutes, based on alleged untrue statements or omissions of material facts relating to each RMBS. Defendant WaMu Capital Corp. was the underwriter or seller for the certificates, while defendants Long Beach Securities Corp. and WaMu Asset Acceptance Corp. issued the certificates. Plaintiff has also brought its claims against defendant JPMorgan Chase Bank, N.A. ("JPMC") as successor-in-interest to those defendants and as successor-in-interest to non-party Washington Mutual Bank ("WaMu Bank"), which plaintiff alleges became liable to the credit unions as a "control person" under the Securities Act. Defendants have moved to dismiss all claims.

Plaintiff has brought eight other similar suits, involving different certificates, in this district, which cases have been re-assigned to the undersigned judge. In one of those actions, Case No. 12-2648, by Memorandum and Order dated April 8, 2013, the Court granted in part and denied in part the motion to dismiss filed by the Credit Suisse defendants ("Credit Suisse"). *See National Credit Union Admin. Bd. v. Credit Suisse Sec. (USA) LLC*, __ F. Supp. 2d __, 2013 WL 1411769 (D. Kan. Apr. 8, 2013) ("*Credit Suisse*"). In that opinion, the Court held as follows: (1) Credit Suisse did not show that

the Court lacked venue over plaintiff's claims asserted on behalf of credit unions WesCorp and Southwest; (2) plaintiff's claims were not untimely as a matter of law with respect to the applicable one- and two-year discovery limitations periods; (3) the so-called Extender Statute, 12 U.S.C. § 1787(b)(14), which provides the limitations period for claims brought by plaintiff as conservator or liquidator, applies to federal and statutory claims; (4) the Extender Statute displaces both limitations periods in the otherwise-applicable federal (Section 13, 15 U.S.C. § 77m) and state statutes; (5) plaintiff's three-year limitations period under the Extender Statute was triggered by plaintiff's appointment as conservator for a credit union, not by its later appointment as liquidator; (6) the Extender Statute's three-year limitations period may not be extended by a tolling agreement; (7) plaintiff's assertion of *American Pipe* tolling with respect to its federal claims based on some certificates did not fail as a matter of law at this stage; and (8) plaintiff's substantive allegations were sufficient to state plausible and cognizable claims against Credit Suisse. In some of its rulings, the Court followed the reasoning of Judge Rogers in ruling on a motion to dismiss in another of these nine similar cases (before the case was reassigned). *See id.* (citing *National Credit Union Admin. Bd. v. RBS Sec., Inc.*, 900 F. Supp. 2d 1222 (D. Kan. 2012) ("*RBS*")). Last week, in an interlocutory appeal in *RBS*, the Tenth Circuit affirmed Judge Rogers with respect to two of the issues listed above, holding that the Extender Statute does apply to federal and statutory claims and does displace Section 13's three-year limitations period. *See National Credit Union Admin. Bd. v. Nomura Home Equity Loan, Inc.*, __ F.3d __, 2013

3

WL 4516997 (10th Cir. Aug. 27, 2013).

After issuing its opinion in *Credit Suisse*, the Court invited the parties in seven of the other similar cases (one case had not yet been filed) to submit briefs addressing (a) the application of the Court's rulings in *Credit Suisse* to the motions to dismiss filed by the defendants in those cases and (b) the specific issue of the enforceability of plaintiff's tolling agreements.

## II.  Analysis

### A.  *Exhaustion of Claims Against JPMC*

In the initial briefing on defendants' motion to dismiss, defendant JPMC moved to dismiss all claims against it as successor-in-interest to WaMu Bank and the other defendants on the basis that plaintiff did not exhaust its administrative remedies by filing its claims with the Federal Deposit Insurance Corporation ("FDIC") pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821(d)(3)-(13).  JPMC again asserted this basis for dismissal in defendants' supplemental briefs.

In its complaint, plaintiff has alleged as follows: On September 25, 2008, the United States Office of Thrift Supervision ("OTS") closed WaMu Bank and named the FDIC as receiver.  Subsequently, the FDIC entered into a Purchase and Assumption Agreement ("the PAA") with JPMC, under which JPMC agreed to purchase substantially all of WaMu Bank's assets (including its subsidiaries, which included the other

4

defendants) and to assume substantially all of WaMu Bank's liabilities, including liability for the claims asserted in this case.[1]

FIRREA establishes administrative procedures for bringing claims against institutions for which the FDIC is acting as receiver. If the FDIC disallows a claim, the claimant may pursue an administrative appeal or commence a lawsuit; if the claimant does neither, "such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." *See id.* § 1821(d)(6)(B). Subject to that exception, FIRREA deprives courts of jurisdiction over the following:

> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation [FDIC] has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

*See id.* § 1821(d)(13)(D).

JPMC argues that because plaintiff has asserted claims based on acts and omissions of WaMu Bank, for which the FDIC was appointed receiver, and plaintiff failed to present those claims to the FDIC pursuant to FIRREA, this Court has no jurisdiction over those claims pursuant to Section 1821(d)(13)(D)(ii). In support of that argument, JPMC cites a number of cases in which courts, including federal circuit courts

---

[1] JPMC does not concede the truth of these allegations, but it does not contest them for purposes of this motion.

of appeal, seemingly applied this exhaustion requirement in suits against institutions that succeeded failed institutions under agreements with the FDIC as receiver—including claims against JPMC itself as successor to WaMu Bank. *See Acosto-Ramirez v. Banco Popular de Puerto Rico*, 712 F.3d 14, 20-21 (1st Cir. 2013); *Farnik v. FDIC*, 707 F.3d 717, 722-24 (7th Cir. 2013); *Tellado v. IndyMac Mtge. Servs.*, 707 F.3d 275, 280 (3d Cir. 2013); *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1212-15 (9th Cir. 2012) (involving JPMC as successor to WaMu Bank); *American Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1141-44 (D.C. Cir. 2011) (involving JPMC as successor to WaMu Bank); *Village of Oakwood v. State Bank & Trust Co.*, 539 F.3d 373, 384-86 (6th Cir. 2008).

Plaintiff argues that it was not required to exhaust any administrative remedy by submitting to the FDIC its claim against JPMC as successor to WaMu Bank. Plaintiff relies on *FHFA v. JPMorgan Chase & Co.*, 902 F. Supp. 2d 476 (S.D.N.Y. 2012), in which the court rejected this same argument involving the same successor (JPMC) and failed institution (WaMu Bank). The *FHFA* court began by noting that although Section 1821(d)(13)(D)(ii), in barring "any claim relating to any act or omission of such institution or the Corporation as receiver," appears strikingly broad, the Second Circuit had interpreted "claim" in that provision to mean "only claims that could have been brought under the administrative procedures of § 1821(d)." *See id.* at 501 (quoting *Bank of N.Y. v. First Millenium, Inc.*, 607 F.3d 905, 921 (2d Cir. 2010)); *see also Bank of N.Y.*, 607 F.3d at 921 (following interpretation of D.C. and Third Circuits). Then, after noting that JPMC did not directly contest the allegations that it had assumed WaMu Bank's

6

liabilities relating to the RMBS certificates at issue in the case, the *FHFA* court reasoned as follows:

> Thus, for purposes of this motion, there is no dispute that JPMorgan is a proper defendant with respect to FHFA's WaMu-related claims. In insisting that FHFA was required to exhaust FIRREA's administrative procedures before filing suit, however, the JPMorgan defendants have failed to explain how the Agency's claims against *them* "could be brought" through that procedure. Indeed, as FIRREA's judicial review provision suggests, the administrative procedures were designed to permit a claimant to "seek[] a determination of rights with respect to, *the assets of any depository institution for which the Corporation has been appointed* receiver." But the assets—and liabilities—at issue here have passed, by operation of the PAA, to JPMorgan, and FIRREA's claims procedure includes no provision for impleading the purchaser of a failed bank's assets and liabilities. Thus, the claims that FHFA asserts here could not be brought under the administrative procedures of § 1821(d), making FIRREA's exhaustion requirement inapplicable. *Bank of New York*, 607 F.3d at 921.

*See FHFA*, 902 F. Supp. 2d at 502 (emphasis in original) (footnote omitted).

The same reasoning, which the Court finds persuasive, would apply in the present case. JPMC allegedly assumed these particular liabilities from the FDIC; thus, plaintiff's assertion of these claims against JPMC instead of the FDIC as receiver must be considered proper at this stage. Moreover, like the Second Circuit, the Tenth Circuit has interpreted the "claims" barred by Section 1821(d)(13)(D) "to parallel those contemplated under FIRREA's administrative claims process laid out in the greater part of § 1821(d)." *See Homeland Stores, Inc. v. RTC*, 17 F.3d 1269, 1274 (10th Cir. 1994). Indeed, the Tenth Circuit noted that because the "claims" at issue in that case were not contemplated under FIRREA's administrative process, if the claims were nonetheless

barred by Section 1821(d)(13)(D), the plaintiff there "would have neither an administrative nor a judicial forum for the claims," which outcome would raise constitutional problems. *See id.* at 1274 n.5 (citing *Coint Independence Joint Venture v. FSLIC*, 489 U.S. 561, 579 (1989)). Thus, the Court is persuaded that the Tenth Circuit would not require exhaustion in this case unless plaintiff could have pursued its claims against JPMC as successor within the FIRREA administrative process. As the *FHFA* court pointed out, that process does not appear to allow for such claims against a party that has assumed the liability from the FDIC. Moreover, in none of its three briefs submitted since plaintiff cited *FHFA* on this point has JPMC addressed this issue and explained how plaintiff could have pursued these claims administratively.[2] Accordingly, under the reasoning of *FHFA*, plaintiff was not required to exhaust these claims pursuant to FIRREA's administrative process.

This conclusion is not necessarily inconsistent with most of the circuit court decisions cited above. As the *FHFA* court pointed out, *see FHFA*, 902 F. Supp. 2d at 502, in *Village of Oakwood*, although the plaintiff brought suit only against the successor institution, those claims were based on alleged acts and omissions by the FDIC as

---

[2]JPMC's only response to *FHFA* has been that "that decision was based entirely on the court's incorrect assumption the JPMC had 'assumed WaMu Bank's liabilities with respect to the securitizations at issue.'" Although JPMC has emphasized in both this case and in its *FHFA* litigation that it has not conceded such an assumption of liabilities, it has not directly contested that allegation, which therefore must be credited at this stage of the litigation. Thus, JPMC has failed to distinguish *FHFA* or explain why that case was wrongly decided.

8

receiver, *see Village of Oakwood*, 539 F.3d at 386; thus, it is understandable that the Sixth Circuit required the plaintiff to have pursued those claims against the FDIC administratively. Similarly, in *Farnik* and *Acosto-Ramirez*, the Seventh Circuit and the First Circuit each relied on the fact that the defendant successor in its case had not assumed the particular liabilities from the FDIC; thus, each held that the plaintiff's claims were more properly against the FDIC and thus should have been asserted pursuant to the administrative process. *See Acosto-Ramirez*, 712 F.3d at 18-21; *Farnik*, 707 F.3d at 723-24. In the present case, plaintiff has not alleged wrongdoing by the FDIC as receiver, and plaintiff has alleged that JPMC assumed these liabilities from the FDIC. Thus, there is no basis to argue here that plaintiff's claims are essentially claims against the FDIC that could have been pursued within the administrative process.

In *American National Insurance*, the D.C. Circuit reversed the district court's dismissal of claims against JPMC for lack of exhaustion. *See* 642 F.3d 1137. As the Tenth Circuit has done, the court held that "claim" in Section 1821(d)(13)(D)'s jurisdictional bar "is a term-of-art that encompasses only demands that are resolvable through the administrative process set out by FIRREA." *See id.* at 1142. The court then held that because the plaintiff in that case had alleged wrongdoing by JPMC (and not by the FDIC or WaMu Bank), the plaintiff could not have brought its claims administratively and thus no exhaustion was required. *See id.* at 1142-43. The court rejected JPMC's argument that the broad language in Section 1821(d)(13)(D) indicated that the claims against it could have gone through the administrative process. *See id.* at

9

1143. In this way, the D.C. Circuit did distinguish claims involving wrongdoing by the new institution from claims for which the FDIC or the failed institution might be legally responsible. *See id.* It did not comment, however, on this question whether claims against the successor institution based on wrongdoing by the failed institution must be exhausted, and under its interpretation of "claims", that court would only require such exhaustion if the claims could have been brought administratively.

In *Tellado*, the Third Circuit held that the plaintiff's claims against the successor institution based on wrongdoing of the failed institution were jurisdictionally barred under Section 1821(d)(13)(D) because of a lack of exhaustion. *See Tellado*, 707 F.3d at 280. The court did not address, however, this question of how the plaintiff could have pursued its claims administratively—even though the Third Circuit had previously concluded that the "claims" barred by Section 1821(d)(13)(D) must coincide with those that may be filed under the administrative procedures in Section 1821(d). *See Hudson United Bank v. Chase Manhattan Bank of Conn., N.A.*, 43 F.3d 843, 848-49 (3d Cir. 1994). Thus, *Tellado* is not persuasive on the question whether exhaustion was required in this case.

*Benson* provides JPMC with its strongest support in the caselaw. In that case, the Ninth Circuit held that "FIRREA's jurisdictional bar applies to claims asserted against a purchasing bank when the claim is based on the conduct of the failed institution." *See Benson*, 673 F.3d at 1214. The Ninth Circuit did acknowledge its statement in a previous case that FIRREA "bars judicial review of any non-exhausted claim, monetary

10

or nonmonetary, which is susceptible of resolution through the claims procedure." *See id.* at 1213 (citing *Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir. 1993). Thus it appears that the Ninth Circuit, like the Tenth Circuit, would require that the particular claim be able to be addressed by the administrative process before the exhaustion requirement would apply. The *Benson* court nonetheless applied the jurisdictional bar, rejecting the plaintiffs' argument as follows:

> Although plaintiffs assert that their claims are not currently susceptible to the claims process, plaintiffs give us no reason to believe that FIRREA exhaustion would have been futile had they submitted them within the appropriate time frame.

*See id.* Thus it appears that the Ninth Circuit has taken the contrary position to that taken by the *FHFA* court on this issue of whether claims against the purchasing bank are susceptible to the FIRREA claims process. In reaching its conclusion, however, the Ninth Circuit conducted no analysis and failed to explain how FIRREA would have permitted a claim against the purchasing institution. Nor has JPMC essayed such an explanation. Thus, the Court is more persuaded by the *FHFA* court's conclusion that FIRREA's claims process does *not* contemplate such a claim.

For these reasons, the Court concludes that because plaintiff's claims against JPMC are not susceptible to resolution pursuant to the FIRREA claims process, plaintiff was not required to exhaust any administrative remedies before bringing these claims against JPMC, and the jurisdictional bar of Section 1821(d)(13)(D) does not apply. Accordingly, the Court denies JPMC's motion to dismiss the claims against it for lack

11

of subject matter jurisdiction.

### B. *Initial Application of* Credit Suisse

The Court notes that defendants, in their supplemental briefing in support of their motion to dismiss, have not renewed their arguments relating to the sufficiency of plaintiff's substantive allegations, the application of the discovery limitations periods, the displacement of Section 13's limitations periods by the Extender Statute, and the application of the Extender Statute to statutory claims. Thus, defendants have not distinguished the Court's *Credit Suisse* rulings concerning those issues, and the Court resolves the issues in plaintiff's favor in this case as well, for the reasons stated in *Credit Suisse* and as held by the Tenth Circuit in the appeal in *RBS*.

Nevertheless, defendants seek dismissal of some of plaintiff's claims on behalf of U.S. Central and WesCorp as time-barred pursuant to the three-year limitations period imposed by the Extender Statute. Absent some form of tolling, plaintiff was required to file those claims by March 20, 2012, three years after its appointment as conservator for those credit unions. Plaintiff did not initiate this action, however, until January 14, 2013. Nor may plaintiff rely on the Extender Statute's alternative reference to the applicable state-law limitations periods, as this case was filed more than five years (the applicable repose period for all three states) after the purchases of these certificates.

Plaintiff has asserted tolling pursuant to an agreement executed by the parties, but the Court has, by an opinion issued in the *Credit Suisse* case on July 10, 2013, reaffirmed its ruling that plaintiff may not rely on such an agreement to avoid application of the

Extender Statute's limitations period, and that ruling will also be applied in the present case. Thus, with respect to certificates for which plaintiff has not asserted some other form of tolling, plaintiff's federal and state claims on behalf of U.S. Central and WesCorp would be time-barred and subject to dismissal. Based on plaintiff's complaint and the parties' supplemental submissions, such claims include those based on the following certificates:

| Purchaser | Issuing Entity | CUSIP |
|---|---|---|
| U.S. Central | LBMLT 2006-9 | 54251WAD4 |
| U.S. Central | LBMLT 2006-9 | 54251WAE2 |
| U.S. Central | LBMLT 2006-10 | 54251YAD0 |
| U.S. Central | LBMLT 2006-10 | 54251YAE8 |
| U.S. Central | LBMLT 2006-11 | 542512AE8 |
| U.S. Central | LUM 2007-1 | 55028CAA3 |
| U.S. Central | WAMU 2007-HE4 | 93363XAE3 |
| U.S. Central | WAMU 2007-HE4 | 93363XAD5 |
| U.S. Central | WAMU 2007-OA2 | 933635AA2 |
| U.S. Central | WMABS 2006-HE5 | 93934XAC7 |
| U.S. Central | WMALT 2006-AR8 | 93935LAB4 |
| WesCorp | INDX 2006-AR12 | 45661VAC0 |
| WesCorp | LUM 2007-1 | 55028CAA3 |
| WesCorp | LUM 2007-1 | 55028CAB1 |
| WesCorp | LUM 2007-1 | 55028CAE5 |
| WesCorp | WAMU 2007-OA2 | 933635AD6 |
| WesCorp | WMALT 2006-AR2 | 93934FMQ2 |
| WesCorp | WMALT 2006-AR3 | 93934FQR6 |
| WesCorp | WMALT 2006-AR4 | 939345AE4 |
| WesCorp | WMALT 2006-AR4 | 939345AF1 |
| WesCorp | WMALT 2006-AR5 | 93935AAH5 |
| WesCorp | WMALT 2006-AR5 | 93935AAE2 |
| WesCorp | WMALT 2006-AR6 | 93935FAE1 |
| WesCorp | WMALT 2006-AR7 | 93935DAC0 |
| WesCorp | WMALT 2006-AR9 | 939346AD4 (5/8/07) |
| WesCorp | WMALT 2006-AR9 | 939346AD4 (10/25/06) |
| WesCorp | WMALT 2007-OA1 | 93935NAC8 |

WesCorp             WMALT 2007-OA1         93935NAD6

Plaintiff has not disputed that, assuming the Court reaffirms and applies its prior rulings, those claims would be subject to dismissal. Accordingly, defendants' motion is granted with respect to those claims based on the listed certificates, which claims are hereby dismissed.

### C.    *Claims for Which* American Pipe *Tolling Has Been Asserted*

Defendants also make several arguments for dismissal of claims on behalf of U.S. Central and WesCorp for which plaintiff has asserted *American Pipe* tolling. In particular, defendants argue (1) that *American Pipe* tolling should not apply to extend the limitations periods set forth in the Extender Statute; (2) that *American Pipe* tolling should not be permitted as asserted with respect to some certificates because the named plaintiffs in the particular cited class actions asserted standing with respect to these certificates only based on a common registration statement; and (3) that *American Pipe* tolling should not apply with respect to plaintiff's state-law claims. By Memorandum and Order issued this same day in *Bear Stearns*, Case No. 12-2781, one of the similar cases brought in this district, the Court has rejected these same arguments (raised in the supplemental briefs submitted jointly by the Bear Stearns defendants and defendants here). *See* Memorandum and Order of Sept. 3, 2013, *NCUAB v. Bear Stearns & Co., Inc.* ("*Bear Stearns*"), Case No. 12-2781-JWL. For the same reasons, the Court rejects these arguments as asserted by defendants in this case.

Defendants also argue that *American Pipe* tolling should be deemed to have

ceased with respect to certain certificates based on the dismissal of certain claims in the relevant consolidated class action. Defendants noted, however, that this argument presupposes that *American Pipe* tolling does not apply to the Extender Statute's limitations periods. Thus, because the Court has ruled that such tolling *does* apply, it need not address this argument by defendants.

Finally, Defendants argue that plaintiff has improperly asserted *American Pipe* tolling with respect to one offering that was not actually involved in the cited class action. Plaintiff concedes this point. Thus, no tolling applies to those claims on behalf of U.S. Central and WesCorp, which include claims based on the following certificates:

| Purchaser | Issuing Entity | CUSIP |
| --- | --- | --- |
| U.S. Central | WAMU 2007-OA1 | 92926WAB3 |
| U.S. Central | WAMU 2007-OA1 | 92926WAC1 |
| WesCorp | WAMU 2007-OA1 | 92926WAC1 |

Accordingly, defendants' motion is granted with respect to those claims based on the listed certificates, which claims are hereby dismissed.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 19) is **granted in part and denied in part**, and various claims are hereby dismissed as set forth herein.

IT IS SO ORDERED.

Dated this 3rd day of September, 2013, in Kansas City, Kansas.

15

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge