# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>RBS SECURITIES, INC., et al.,<br><br>Defendants. | Case No. 11-2340-JWL |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union and Western Corporate Federal Credit Union,<br><br>Plaintiff,<br><br>v.<br><br>WACHOVIA CAPITAL MARKETS LLC,<br><br>Defendant. | Case No. 11-2649-JWL |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Southwest Corporate Federal Credit Union, and Members United Corporate Federal Credit Union,<br><br>Plaintiff, | |

|  |  |  |
|---|---|---|
| v. | ) | Case No. 11-2341-JWL |
|  | ) |  |
| J.P. MORGAN SECURITIES LLC, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, as Liquidating )
Agent of U.S. Central Federal Credit Union )
and Western Corporate Federal Credit Union, )
)
      Plaintiff, )
)
v. )     Case No. 12-2591-JWL
)
UBS SECURITIES, LLC, et al., )
)
      Defendants. )

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, as Liquidating )
Agent of U.S. Central Federal Credit Union, )
Western Corporate Federal Credit Union, and )
Southwest Corporate Federal Credit Union, )
)
      Plaintiff, )
)
v. )     Case No. 12-2648-JWL
)
CREDIT SUISSE SECURITIES (USA) LLC, )
et al., )
)
      Defendants. )

NATIONAL CREDIT UNION )
ADMINISTRATION BOARD, as Liquidating )
Agent of U.S. Central Federal Credit Union, )

| | |
|---|---|
| Western Corporate Federal Credit Union, )<br>Southwest Corporate Federal Credit Union, )<br>and Members United Corporate Federal Credit )<br>Union, )<br>               )<br>    Plaintiff, )<br>v.               )<br>                )<br>BEAR STEARNS & CO., INC., et al.,   )<br>                )<br>    Defendants. )<br>_____)<br>                )<br>NATIONAL CREDIT UNION )<br>ADMINISTRATION BOARD, as Liquidating )<br>Agent of U.S. Central Federal Credit Union, )<br>Western Corporate Federal Credit Union, and )<br>Southwest Corporate Federal Credit Union, )<br>                )<br>    Plaintiff, )<br>                )<br>v.               )<br>                )<br>J.P. MORGAN CHASE BANK, N.A., et al., )<br>                )<br>    Defendants. )<br>_____) | Case No. 12-2781-JWL<br><br><br><br><br><br><br><br><br><br><br><br>Case No. 13-2012-JWL |

## ORDER

The National Credit Union Administration Board ("NCUA") brings these actions as the conservator and liquidating agent of various credit unions that purchased residential mortgage-backed securities ("RMBS" or "certificates") underwritten, sold, or issued by defendants. NCUA alleges that defendants violated the Securities Act of 1933 and various state statutes based on untrue statements or omissions of material fact relating to each RMBS.

Defendants have filed an identical motion in each of the seven cases captioned here **(doc. 239 in Nos. 11-2340 & 11-2649, doc. 107 in No. 11-2341, doc. 79 in No. 12-2591, doc. 82 in No. 12-2648, doc. 76 in No. 12-2781, and doc. 68 in No. 13-2012)** to stay the cases pending a ruling by the Tenth Circuit in a related eighth case, *NCUA v. Barclays Capital Inc., et al.*, No. 12-2631. NCUA agrees that a partial stay is appropriate, but opposes a blanket stay of the cases. The court agrees with the approach suggested by NCUA. Each motion is therefore granted in part and denied in part.

**I.      Procedural Background**

NCUA filed the eight similar suits, involving different certificates, between June 20, 2011, and January 4, 2013. Two of the cases, *NCUA v. RBS Securities, Inc.*, No. 11-2340, and *NCUA v. Wachovia Capital Markets LLC*, No. 11-2649, have been consolidated ("*RBS/Wachovia*"), and all of the cases have been reassigned to the presiding U.S. District Judge, John W. Lungstrum, and the undersigned U.S. Magistrate Judge, James P. O'Hara.

On April 8, 2013, Judge Lungstrum granted in part and denied in part a motion to dismiss filed by the Credit Suisse defendants in *NCUA v. Credit Suisse Securities(USA) LLC,* No. 12-2648 (doc. 47). Judge Lungstrum held that a number of NCUA's claims were time-barred. As relevant here, he found: (1) the so-called Extender Statute, 12 U.S.C. § 1787(b)(14), provides the limitations period for claims brought by NCUA (a governmental entity) as conservator or liquidator, and displaces the otherwise-applicable periods in the federal and state statutes at issue; (2) the three-year limitations period provided by the

Extender Statute was triggered by NCUA's appointment as conservator for a credit union, not by its later appointment as liquidator; and (3) the Extender Statute's limitation period could not be extended by a tolling agreement entered by the parties. In reaching some of his conclusions about the applicability of the Extender Statute, Judge Lungstrum followed the reasoning of Judge Richard D. Rogers (the presiding judge before the cases were reassigned) granting in part and denying in part a motion to dismiss filed in *RBS/Wachovia*.[1]

After issuing the *Credit Suisse* opinion, Judge Lungstrum set a combined status conference in the eight cases. He invited the parties to file pre-conference briefs addressing (1) whether the cases should be stayed pending the resolution of an interlocutory appeal filed by defendants in *RBS/Wachovia*, and (2) how the *Credit Suisse* opinion should affect the resolution of motions to dismiss filed in the other cases.[2] The consolidated conference was held on April 29, 2013. That same day, Judge Lungstrum issued an order staying, for the most part, all the cases pending the Tenth Circuit's resolution of the *RBS/Wachovia* appeal, and an order granting an oral motion made by NCUA for reconsideration of the court's April 8, 2013 order in *Credit Suisse* concerning whether the limitations period set by the Extender Statute could be extended by a tolling agreement. Judge Lungstrum indicated that, after further briefing, he would move forward with deciding pending motions to dismiss.

On July 10, 2013, Judge Lungstrum reaffirmed his ruling in *Credit Suisse* that

---

[1]*See* doc. 112 in No. 11-2340.

[2]NCUA had entered tolling agreements similar to the one at issue in *Credit Suisse* with most defendants in the above-captioned cases.

NCUA's "tolling agreement with defendants is not effective in extending the applicable three-year limitations period under the Extender Statute" (doc. 70). That same day, he also decided the motion to dismiss filed in *NCUA v. Barclays Capital Inc.,* No. 12-2631 (doc. 60). There, he applied his reasoning from *Credit Suisse* and held that NCUA's claims against the *Barclays* defendants were time-barred because the tolling agreement executed by the parties was ineffective in extending the Extender Statute's limitations period. He dismissed the claims and entered judgment for the defendants (doc. 61). Subsequently, Judge Lungstrum applied the same *Credit Suisse* reasoning to dismiss certain claims in *NCUA v. UBS Securities, LLC*, No. 12-2591 (doc. 72), *NCUA v. J.P. Morgan Chase Bank, N.A.*, No. 13-2012 ("*WaMu*") (doc. 61), and *NCUA v. Bear Stearns & Co., Inc.*, No. 12-2781 (doc. 69).

On July 16, 2013, NCUA timely appealed the dismissal decision in *Barclays* (doc. 64). At issue in the appeal, which remains pending before the Tenth Circuit, is whether Judge Lungstrum correctly concluded that defendants could argue that NCUA's actions were untimely despite having entered into a tolling agreement with NCUA.[3] The parties agree that

---

[3]Specifically, NCUA recited the following issues for review:

1. Whether the three-year limitations period created by § 1787(b)(14)(A)(ii)(I) can be tolled by agreement between NCUA and a potential defendant.

2. Whether a defendant may be barred from raising a defense based on that three-year period by waiver or estoppel.

3. Whether the alternative limitations period "under State law," § 1787(b)(14)(A)(ii)(II), incorporates state-law principles of tolling, waiver, and

the resolution of this issue could also affect certificates upon which NCUA brought claims in *Credit Suisse*, *UBS*, *WaMu*, and *Bear Stearns* (the "affected cases").

On August 27, 2013, the Tenth Circuit affirmed Judge Rogers's opinion in *RBS/Wachovia*, holding that the Extender Statute applies to NCUA's claims (doc. 236). With the issuance of the Tenth Circuit's mandate, the stay in these cases was lifted (see, e.g., doc. 238 in No. 11-2340). The lifting of the stay led defendants to file the instant motions to stay, this time pending the Tenth Circuit's decision of the appeal of Judge Lungstrum's dismissal decision in *Barclays*.

## II.  The Instant Motions to Stay

Defendants argue that the court should stay the above-captioned cases because "the outcome of the *Barclays* appeal will dramatically affect the scope of [the] cases as it will determine the timeliness of claims relating to 100 or more of the 186 RMBS certificates at issue in *Barclays, UBS*, *Credit Suisse, Bear Stearns,* and *WaMu*."[4] According to defendants, proceeding with discovery in the affected cases at this stage would create unnecessary

---

estoppel.

4.   Whether the limitations periods created by § 1787(b)(14)(A) are reset when NCUA is appointed as liquidating agent for a credit union, after earlier being appointed conservator for the same credit union.

NCUA Appellate Brief, doc. 83-5, at 17-18.

[4]Doc. 83 at 8 (internal quotations and citation omitted). As indicated above, the parties have filed identical briefs on these motions in the seven cases herein captioned. For simplicity, when citing the briefs, the court will cite to those filed in *Credit Suisse*, No. 12-2648.

burdens and inefficiencies because the parties and third-parties "might be forced to conduct multiple duplicative, piecemeal searches of their files for documents relevant to different sets of securitizations as the Certificates at issue shift and change."[5]  Defendants further suggest that although the Tenth Circuit's decision in *Barclays* will not directly affect certificates at issue in *RBS/Wachovia* and *NCUA v. J.P. Morgan Securities LLC*, No. 11-2341 ("*JPM*")—the claims in those cases were brought within the three-year limitations period of the Extender Statute, making the tolling agreements irrelevant—it may be appropriate to stay those cases as well.

NCUA agrees with defendants that discovery should be stayed as to certificates in the affected cases that Judge Lungstrum dismissed but which could be reinstated based on the outcome of the *Barclays* appeal.  NCUA also agrees to defer depositions in the affected cases until resolution of the *Barclays* appeal, so as to avoid multiple depositions of the same witness should the number of certificates at issue be increased by the Tenth Circuit's decision.  But NCUA argues that other, presumably written, discovery should immediately proceed as to the certificates that survived the motions to dismiss and that will remain at issue in this case no matter what the outcome of the appeal.  Specifically, NCUA "proposes to obtain discovery related to the identification and collection of a statistically significant random sample of loan files for the relevant RMBS Certificates that have survived

---

[5]*Id.* at 14.

Defendants' motions to dismiss in the affected cases."[6]  NCUA notes that this time-consuming process must occur for a number of certificates in each of the affected cases, regardless of the outcome of the appeal.  With respect to discovery in *RBS/Wachovia* and *JPM*, NCUA argues that there is no reason to stay the depositions of defense witnesses in those cases, but agrees to defer the depositions of credit union employees such that each witness is only deposed once.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[7]  Thus, the court has discretion to grant the blanket stay defendants request.[8]  In exercising its discretion, the court "must weigh competing interests and maintain an even balance."[9]  The party requesting a stay "must make out a clear case of hardship or inequity, if there is even a fair possibility that the stay [will damage another party]."[10]  "The underlying principle clearly is that 'the right to proceed in court should not

---

[6] Doc. 86 at 5.  Such discovery relates to NCUA's motions in limine to admit expert statistical sampling testimony, which are pending in each of the seven active cases.

[7] *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

[8] *See Landis*, 299 U.S. at 254; *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963).

[9] *Landis*, 299 U.S. at 255.

[10] *Id.*

be denied except under the most extreme circumstances.'"[11] Any stay granted must be kept within the "bounds of moderation."[12]

Courts in this district have recognized five factors as relevant to the interest-weighing the court must perform in deciding whether to stay all proceedings in a case: (1) plaintiff's interests in proceeding expeditiously with the action and the potential prejudice to plaintiff of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest.[13]

Applying the factors to defendants' request for a stay in *UBS*, *Credit Suisse, Bear Stearns,* and *WaMu*, the undersigned concludes that a complete stay—as opposed to the partial stay proposed by NCUA—is not appropriate in these circumstances.

First, the court must consider NCUA's interests in proceeding expeditiously with the action and the potential prejudice to NCUA of a delay. NCUA asserts broadly that "[e]very plaintiff has an interest in advancing their case expeditiously in court," but cites no particular interest that it has in the speedy resolution of these cases. Likewise, NCUA lists only general potential prejudice: that delaying discovery could increase the risk that memories will fade

---

[11] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).

[12] *Landis*, 299 U.S. at 256.

[13] *See Klaver Constr. Co. v. Kan. Dep't of Transp.*, No. 99-2510, 2001 WL 1000679, at *3 (D. Kan. Aug. 23, 2001); *FDIC v. Renda*, No. 85–2216, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987).

and that critical evidence will be lost. As defendants note, this argument lacks credibility given that NCUA itself waited until only one month ago to file nine new actions in New York federal court raising claims substantially similar to those asserted in this case. Given the lack of any evidence or credible argument that plaintiff would be prejudiced by a short discovery delay, the undersigned does not find that this factor weighs strongly in favor of one side or the other.

Second, the undersigned considers the burdens that defendants would face if the discovery suggested by NCUA proceeds forthwith. Defendants assert that they (as well as NCUA) would be forced to incur unnecessary costs that would arise from "duplicative, piecemeal discovery while it remains unclear which Certificates and which defendants remain in the case."[14] NCUA responds that the narrow discovery it proposes related to the identification and collection of a statistically significant random sample of loan files for certificates that have survived motions to dismiss must occur regardless of the outcome of the *Barclays* appeal. "If additional Certificates are added to the Affected Cases as a result of the *Barclays* appeal, NCUA will need discovery related to these additional Certificates, but any such discovery will not be materially duplicative of earlier discovery relating to different Certificates."[15] The court agrees with NCUA's position. Defendants have failed to demonstrate specifically how they would be burdened by the tiered discovery suggested

---

[14]Doc. 83 at 16.

[15]Doc. 86 at 9.

by NCUA. This factor weighs against a blanket stay.

Third, the undersigned examines whether a blanket stay of discovery would be in the best interest of the court. Defendants argue that a stay would conserve judicial resources because the "Tenth Circuit's ruling will provide this Court with clear and definitive guidance with respect to dispositive issues it must address in determining which Certificates will remain in the case or be dismissed."[16] But defendants' argument fails to recognize that Judge Lungstrum has already analyzed and decided which certificates remain in the case. During the time when the *Barclays* appeal is pending, it is not foreseeable that Judge Lungstrum will be making additional dispositive decisions that could be affected by the outcome of the appeal. Moreover, unlike in the cases cited by defendants, there is no possibility in this case that the appellate court decision will resolve *all* of the remaining claims in this case.[17] Because these cases will move forward regardless of how the Tenth Circuit rules, the court finds no efficiency in delaying discovery in these proceedings. This factor weighs against a stay.

Fourth, the interests of persons not parties to this litigation must be considered. Defendants assert that third parties from whom discovery may be sought (including loan due-diligence providers, loan originators, and former employees of defendants) will benefit from

---

[16]Doc. 83 at 15.

[17]*Cf. Beltronics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008); *Brin v. Kan.*, No. 97-4243, 2000 WL 1542830, at *3 (D. Kan. Sept. 19, 2000).

not being forced to engage in piecemeal discovery should the certificates at issue change as a result of the Tenth Circuit's decision on the *Barclays* appeal. NCUA responds that the tiered discovery it proposes will not result in duplicative discovery, as discovery at this time would be limited to that relating to certificates that remain in this case. The undersigned is unconvinced by defendants' argument that limited discovery at this time would unduly burden third parties. Defendants have presented no evidence or authority to support their position that so-called "piecemeal discovery" (or what NCUA calls "tiered discovery") is against the interest of third parties. This factor weighs against defendants' request for a blanket stay.

Finally, the court must consider the public's interest in a stay. Defendants state simply that the public has an interest in preserving judicial resources, so to the extent judicial resources are preserved by the entry of a stay, the public interest is served. As discussed above, the court finds that no judicial resources would be saved by a stay in this case. As a general matter, the public interest is best served by the just and speedy resolution of actions. This factor weighs slightly against a blanket stay.

The court concludes that defendants have presented no compelling reason to completely stay the four cases that could be affected by the *Barclays* appeal. Rather, the court finds reasonable the partial stay suggested by NCUA. Specifically, the court hereby stays all depositions in *UBS*, *Credit Suisse, Bear Stearns,* and *WaMu*. Written discovery in

these cases may proceed.[18]

With respect to *RBS/Wachovia* and *JPM*, defendants state that they stand ready to proceed with discovery in those cases so long as such discovery "will in no way impact or limit discovery that may be taken in the other four cases."[19]  They say they would be prejudiced, however, if defendants in the stayed cases were forced to coordinate discovery with defendants in the non-stayed cases—in other words, if they were forced to participate in depositions in the non-stayed cases so as to not miss the opportunity to depose those witnesses.

NCUA argues that, other than the depositions of credit union employees, discovery should begin immediately in these two unaffected cases.  NCUA contends that there is no reason to stay the depositions of defense witnesses pending the ability of defendants in the affected cases to participate  because "Defendants presumably have no interest in deposing each other."[20]

As agreed by the parties, the court finds it reasonable to stay the depositions of credit union employees in *RBS/Wachovia* and *JPM*.  No party has convinced the court that a more comprehensive stay is justified.  The discovery taken in these two cases shall not limit

---

[18]It should go without saying that discovery not relevant to claims or defenses *currently* in these cases will not be permitted.  *See* Fed. R. Civ. P. 26(b) (defining the scope of discovery).  Should the outcome of the *Barclays* appeal lead to the reinstatement of certain certificates, the scope of discovery will surely expand at that time.

[19]Doc. 83 at 14.

[20]Doc. 86 at 6.

discovery to be taken in *UBS*, *Credit Suisse, Bear Stearns,* and *WaMu*.

Finally, defendants argue that it is inefficient for them to answer the operative complaints because paragraphs therein relate to defendants and/or certificates that Judge Lungstrum dismissed from the cases, but which may or may not be reinstated upon the Tenth Circuit's decision. The court agrees that it is unnecessary for defendants to substantively respond to allegations in the complaints pertaining to certificates, claims, or defendants that have been dismissed. But there is no reason to delay defendants' answers altogether. By the answer deadline, defendants should respond to the portions of the complaint that are unaffected by Judge Lungstrum's rulings on motions to dismiss. Should certificates or defendants be reinserted into the case following the Tenth Circuit's decision in *Barclays*, the court will give defendants an opportunity to amend their answers.

IT IS THEREFORE ORDERED:

1. Defendants' motion to stay in each of the above-captioned cases is granted in part and denied in part.

2. A partial stay is entered in the *UBS*, *Credit Suisse, Bear Stearns,* and *WaMu* cases pending the issuance of an opinion by the Tenth Circuit on the *Barclays* appeal. Specifically, all depositions in those cases are stayed.

3. A partial stay is entered in the *RBS/Wachovia* and *JPM* cases pending the issuance of an opinion by the Tenth Circuit on the *Barclays* appeal. Specifically, all depositions of credit union employees in those cases are stayed.

Dated October 24, 2013, at Kansas City, Kansas.

        s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge